By the Court, Cowen, J.
In this case the question arises upon a bill of sale from one Froment to the plaintiff, under which he claims against a levy of Froment’s creditors. The jury found for the plaintiff. It is insisted by the defendant’s counsel, that there never was a bona fide change of possession. But there was some evidence of a change as to most of the property ; and that it continued. The jury have found that the sale was bona fide; and independently of the question whether the possession was changed or not, their verdict is conclusive. The • jury may allow almost any excuse for the vendor continuing in possession; and we have no right, since Smith & Hoe v. Acker, (23 Wend. 653,) decided by the court of errors, to say that it is insufficient any more on a bill of sale than on a mortgage. Ñor is it any objection that an absolute bill of sale has not been filed pursuant to the act of April 23th, 1833, (Sess. Laws of 1833, p. 492;) that act applying to mortgages only. I have already considered the question now before us, in Butler & Barker v. Van Wyck, (ante, p. 438,) which arose upon a deposited mortgage. The question is the same on an absolute bill of sale. This I remarked in that case; and added, that Smith & Hoe v. Acker must accordingly be regarded as applying to bills of sale as well as mortgages.
My opinion is that a new trial should be denied.
Ordered accordingly.